### The Steuben County Wine Company v. John W. McNeeley.
#### Gen. No. 11,080.

1.  VERDICT—*when, set aside.*  A verdict which is manifestly against the weight of the evidence will, for that reason, be set aside by the Appellate Court.

2.  INSTRUCTION—*must not single out particular evidence.*  An instruction which calls special attention to letters in evidence, is erroneous as

tending to create the impression with the jury that the court attaches special importance to such letters.

3.  ABSTRACT—*effect of failure to file proper.*  A failure to file an abstract in form as required by the rules of the Appellate Court is ground either for the dismissal of the appeal or the affirmance of the judgment.

Action of assumpsit.  Appeal from the Circuit Court of Cook County; the Hon. JOSEPH P. ROBARTS, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1903.  Reversed and remanded. Opinion filed April 12, 1904.

N. H. HANCHETTE and A. A. WORSLEY, for appellant.

LESLIE H. WHIPP, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellee sued to recover, first, commissions alleged to be due him under a verbal contract, in accordance with which he claims to have been entitled to receive in addition to his salary as traveling salesman for appellant a commission of ten per cent. upon sales; and second, salary for an additional month after the time when appellant claims he was discharged from its employment.  He recovered in the Circuit Court.

It is contended by appellant that the verdict and judgment are not justified by the evidence.  Appellee was the only witness in his own behalf as to the verbal contract under which he claims commissions.  His testimony is expressly contradicted by the secretary of the appellant, with whom appellee states the contract was made, who states positively that no such contract was ever discussed or entered into.  The only additional evidence relied upon in favor of appellee's claim consists of two letters which he received from appellant.  In the first of these occurs the expression, " We wish you would see Mr. Dauber and see if you cannot secure his order for ten barrels of whiskey.  It would make a nice order for you if you could do so."  The second letter enclosed a circular headed " Confidential to Agents," in which after a list of certain goods with prices attached, it is stated, " We will allow regular commissions

on these goods sold at above prices." The statement in the first letter, that "it would make a nice order for you" affords no proof either of the existence or non-existence of a contract for commissions on sales. It is as consistent with appellant's contention that appellee was employed as salesman at a fixed salary, as with the latter's contention that he was to receive commissions in addition to salary. The commissions referred to in the circular "Confidential to Agents" are by the terms of the circular limited to the goods therein mentioned, and appellee does not claim to have been one of appellant's agents except in his capacity as traveling salesman. He is seeking here to recover commissions on all sales which he made and is claiming under an alleged special verbal contract; not upon any offer to agents generally, such as appears in the circular. The letters do not aid his case.

On the other hand the evidence shows, and appellee concedes, that he had collected $260 of his employer's money, which he did not turn over or account for, except that when called to account he eventually paid over fifty dollars. He made no report of these collections except in the progress of this suit. When he was called in from the road because he was short in his accounts he endorsed and turned over to appellant two salary checks on account, as he admits, of the money he had collected. He never presented a bill or made a demand for the commissions he is now claiming. Why he should have turned over $80, part of it out of his salary, without suggesting that he was entitled to retain it on account of commissions, which would far exceed that sum, he does not attempt to explain. His own testimony contradicts his present claim.

His salary was paid in full up to August 13, 1902. At that time he had been told he would not be sent out again until he made up his shortage. He rendered no service as salesman after that date and the evidence tends to show that he was treated as discharged for failure to turn over the money he had collected. The verdict and judgment cannot be justified upon this record.

An instruction was given on behalf of appellee, which called special attention of the jury to the letters above referred to. The effect could not fail to be to give the jury an impression that the court attached special importance to these letters as corroborative of appellee's testimony, and may perhaps account for a verdict which otherwise it is difficult to explain. See Pressed Brick Co. v. Reinneger, 140 Ill. 344.

We deem it proper to say that the appellant's attorneys in this case have presented a most unsatisfactory abstract. Failure to comply with the rules in this respect has frequently been followed by dismissal of the appeal or affirmance of the judgment. Carelessness of this kind cannot be safely indulged in.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*